[No. 16217. Department One. May 28, 1921.]

## C. AUGUST WUNSCH, *Respondent*, v. CONSOLIDATED LAUNDRY COMPANY, *Appellant*, GEORGE SILLMAN et al., *Defendants*.[1]

PLEADING (112)—AMENDMENT OF COMPLAINT—NEW OR DIFFERENT CAUSE OF ACTION. A trial amendment of a complaint, even if it changes the cause of action from one sounding in tort to one sounding in contract, is permissible under the code.

SAME (109)—CONDITION OF CAUSE — ASKING CONTINUANCE. The amendment of a complaint in the course of a trial cannot be claimed as prejudicial on appeal, where defendant did not demand time to prepare to meet the new allegations.

EVIDENCE (48)—COMPETENCY—VALUE OF CORPORATE STOCK. In an action to recover the value of stock in an old corporation all the property of which had been transferred to a new corporation, under an agreement for an issue of new stock "dollar for dollar," evidence of the value of the stock in the new corporation was admissible as tending to show the value of the stock of the old corporation.

STIPULATIONS (3)—CONCLUSIVENESS AND EFFECT—PERSONS CONCLUDED. Under a stipulation between parties to an appeal in an action to recover the value of corporate stock that, in case the supreme court should hold plaintiff entitled to a money judgment, then no question shall be raised as to the amount of the money judgment rendered by the trial court, the appellant is concluded from urging on appeal that the stock had no value.

CORPORATIONS (172)—PROPERTY AND CONVEYANCES—DISPOSAL OF CORPORATE ASSETS. A transfer of all the property of a corporation by its officers and some of its stockholders to a trustee to be by him transferred to a new corporation on its organization would not defeat the right of dissenting or omitted stockholders to sue the purchasing company for the value of the stock.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered May 24, 1920,

[1]Reported in 198 Pac. 383.

upon findings in favor of the plaintiff, in an action to recover the value of certain corporate stock. Affirmed.

*Charles E. Swan,* for appellant.

*F. A. McMaster,* for respondent.

Fullerton, J.—The respondent, Wunsch, instituted this action on behalf of himself and his assignors, O. C. Nelson, F. A. Nelson, Minnie Fletcher and W. R. White, against the appellant, Consolidated Laundry Company, and others, to recover the value of certain shares of stock held by them in a corporation whose property, it was alleged, appellants had taken and converted to their own use. The trial court, on the hearing, dismissed the action as to the codefendants of the appellant corporation and entered a judgment against it in the sum of eight hundred and seventy-four dollars. This appeal followed.

The Hotel Laundry Company, the corporation whose property is alleged to have been converted, was organized, in the early part of the year 1918, to do a general laundry business in the city of Spokane. Its chief promoter was one Charles Roberts, who seems to have been the active manager of the corporation during the months it engaged in business. To assist in the promotion of the corporation, Roberts engaged the services of the respondent and his assignors (with the exception of F. A. Nelson), agreeing to give them severally as compensation, in addition to a weekly wage, a certain number of shares of the corporation. On the organization of the corporation, pursuant to the agreement, shares of stock were issued, to the persons named, in the following amounts: to Wunsch fifty shares, to O. C. Nelson twenty shares, to Fletcher ten shares, and to White fifty shares, each of such shares having a face value of ten dollars. F. A. Nelson, to whom was

issued one hundred and fifty shares, paid for his stock by turning over to the corporation certain laundry equipment, which he had theretofore used in the operation of a laundry owned by himself individually. The number of shareholders, on the organization of the corporation, totaled about ninety.

The corporation continued in business until the month of October of 1918. Whether it had been a profitable or a losing venture the evidence is in dispute. It had, however, during this time accumulated property of a considerable value and had incurred a considerable debt. In the month named, a number of the stockholders of the corporation, some of whom were trustees, met to consider its affairs. This meeting was not held pursuant to a call of the trustees or pursuant to any notice given, and it does not appear that a majority of the stock of the corporation was represented thereat. At the meeting the stockholders present agreed to abandon the corporation and the business as conducted by it, organize a new corporation with an increased capital stock, turn over to the new corporation all of the property assets and good will of the existing corporation, and require the new corporation to assume the debts of the old. It was agreed also that stock of the new corporation should be issued to the stockholders of the old "dollar for dollar." Pursuant to this agreement, the appellant corporation was organized. To it was transferred all of the property of the old corporation, and it assumed and agreed to pay all of the debts of the old corporation. Shares of stock of the new corporation were issued and delivered to all the shareholders of the old corporation in proportion to their holdings therein, save and except to the respondent and his assignors. No stock was delivered or tendered to them for the reason that the

organizers of the new corporation, after investigation, concluded that the stock issued to them by the old corporation was issued without consideration.

From the evidence introduced at the trial, the court found that the respondent and his assignors were holders for value of the stock issued to them by the first of the corporations, that it had a value at the time of the transfer in the sum of $874, that the transfer of the property of the first corporation to the second was not in conformity with the rules of law, and was made without the knowledge or consent of the respondent or his assignors, and concluded, as matter of law, that the respondent was entitled to recover.

In the course of the proceedings, the court allowed the respondent to amend his complaint. It is urged that this was error, the reason given being that the amendment changed the cause of action from one sounding in tort to one sounding in contract. But we cannot conceive that the amendment had this effect. If the form of the action was tort prior to the amendment, it was so afterward. The amendment but added some additional facts, brought out in the evidence at the trial, which were not contained in the original complaint. If, however, we were to concede that the amendment had the effect contended for, we could not concede that it would be fatal to the right of recovery. In this state it is provided by statute that there shall be but one form of action for the enforcement and protection of private rights, and it is especially enjoined by statute what the complaint shall contain. One of the requirements is that it contain a plain and concise statement of the facts constituting the cause of action without unnecessary repetition. Manifestly, under the liberal provisions of our statute relating to amendments, which even permits amendments in this court, if the

complaint alleges what was formerly denominated a tort and the evidence tends to show a breach of duty or a breach of contract, the complaint may be amended to conform therewith. The defendant has, of course, in such a case, as he has in the case of all amendments to complaints, the right to time sufficient to prepare to meet the new allegations, but he cannot, if he does not demand the right but tries the cause on the new issues, afterwards claim that he was prejudiced thereby.

In addition to showing the exchange of the stock in the old corporation for stock in the new on a basis of par value, the trial court permitted the respondent to show the par value of the stock in the new corporation and that none of it had ever been sold for less than its par value. It is contended that, because the question at issue was the value of the stock in the old corporation, this evidence was inadmissible. But the evidence clearly had some tendency to show the value of the stock in the old corporation, and the trial court had the right, and this court would have the right were the question before us, to consider it for that purpose.

It is next contended that the evidence overwhelmingly shows that the first of the corporations was insolvent and that its stock at the time of the transfers had no value whatsoever. But the appellants are concluded by the record from urging the question in this court. Prior to the preparation and settlement of the statement of facts, in order that the testimony introduced at the trial, relating to the character and value of the property of the first corporation transferred to the later one might be omitted therefrom, the parties stipulated:

"Now therefore it is hereby stipulated and agreed by and between the appellant and respondent, through their respective attorneys, that if the supreme court shall hold that the plaintiff, or either or any of his

assignors, is entitled to recover a money judgment against the appellant herein, then and in that event no question shall be raised by either party as to the amount of such money judgment as rendered by the trial court.''

Since the amount and value of the property the corporation had on hand at the time of the transfer was a material element in determining the value of its stock at that time, the stipulation concludes an inquiry in this court as to its value.

The final contention is that the respondent has no cause of action against the appellant in any event. The argument is this: (We quote from the brief.)

''If the respondents have a cause of action at all, whether for conversion or in contract, their right of action is against the individuals whose actions it is claimed were wrongful and illegal, and they are not entitled to a judgment of any kind against the appellant. The alleged conversion occurred before the appellant corporation was organized, and neither the corporation nor its stockholders were liable for wrongful acts committed by persons in their individual capacity. The same situation exists with respect to the alleged contract, as set forth in plaintiff's second amended complaint. If such an agreement was made, it was the act of the individual defendants, and not the act of the appellant corporation, which was not then in existence.''

In explanation of some of the facts here asserted, which might be otherwise obscure, it may be stated that the stockholders and trustees of the first of the corporations, at the time they concluded to make the reorganization, transferred all of the property of the corporation to trustees to hold the property pending the organization of the new corporation, and that the property was conveyed to the new corporation through the medium of these trustees. But the second corpora-

tion can claim no immunity based on these facts. The trustees acquired no interest by the transfer other than the bare legal title to the property, and the transaction, in so far as the rights of the respondent and his assignors are concerned, was equivalent to a direct transfer from the one corporation to the other. On the principal question, it is said by Fletcher in his Cyclopedia, Corporations (vol. 7, § 4798) that . . . . "where a sale of all corporate property is illegally made by corporate officers without consent of the stockholders, a dissenting stockholder may sue the purchasing company for the value of his stock."

In *Ervin v. Oregon R. & Nav. Co.*, 20 Fed. 577, 27 Fed. 625, one Villard organized a new corporation, purchased and caused to be transferred to it a majority of the stock of the Oregon Steam Navigation Company. Thereupon Villard and the new corporation elected, as directors of the Oregon Steam Navigation Company, the directors of the new corporation and caused the directors to make a sale of the property of the old corporation to the new corporation at an inadequate price, and to dissolve the old corporation. At the suit of a minority stockholder in the old corporation, it was held that the directors, by their ownership of the majority of the stock, and the exercise of the powers of the corporation, were trustees of the property and that their sale of the property to the new corporation at an inadequate price was a breach of the trust, rendering them and the new corporation liable for the actual value of the interests of the plaintiff in the old corporation; and this notwithstanding the defendants had the right under the existing statutes to dissolve the corporation and distribute its assets, and notwithstanding they proceeded in so doing in compliance with the statutes. See, also, *Jones v. Missouri-Edison Elec.*

*Co.*, 144 Fed. 765; *Tanner v. Lindell R. Co.*, 180 Mo. 1, 79 S. W. 155, 103 Am. Rep. 534.

The sale in this instance was made without even the forms of law, and the corporation is liable because it was the beneficiary of the transaction, receiving property thereby to which it was not justly entitled.

The judgment is affirmed.

Parker, C. J., Holcomb, Bridges, and Mackintosh, JJ., concur.